526 So.2d 104 (1987)
Willie POTTS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1073.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
Richard L. Jorandby, Public Defender, and Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Willie Potts, Jr., was convicted of violation of section 790.07(2), Florida Statutes (1985), which provides:

Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.
(Emphasis added.) He asserts, on appeal, the unconstitutionality of that statute on due process grounds.
In considering whether or not a statute violates substantive due process, the basic test is whether the state can justify the infringement of its legislative activity upon personal rights and liberties. State v. Walker, 444 So.2d 1137 (Fla. 2d DCA), affirmed, 461 So.2d 108 (Fla. 1984). The statute must bear a reasonable relationship to the legislative objective and must not be arbitrary. Id. If there is a legitimate state interest which the legislation aims to effect, and if the legislation is a reasonably related means to achieve the intended end, it will be upheld. Id.
Here, the state contends that the objective of the disputed statute is to protect the health and safety of the public. The state also contends that it is not unreasonable to presume that persons "under indictment" present a greater risk to society than other citizens; therefore the statute bears a reasonable relationship to the legislative objective.
If an individual is presumed innocent until proven guilty, however, how can it validly be assumed that individuals "under indictment" necessarily present a greater risk to society than other citizens? There are, of course, provisions for deprivation of *105 liberty while pending trial in certain cases. See § 907.041, Fla. Stat. (1985); Fla.R. Crim.P. 3.132. But in those instances, unlike here, a defendant has an opportunity to be heard on the matter of his potential threat to society.
Carrying a concealed weapon while not under indictment, prohibited by section 790.01(1), is a first-degree misdemeanor, punishable by a maximum of one year in prison, whereas the instant offense is a second-degree felony, punishable by fifteen years in prison. The instant statute, therefore, in effect criminalizes the activity of "being under indictment" and punishes that offense by up to fourteen years' imprisonment. Is an individual "under indictment" who carries a concealed weapon necessarily more dangerous than an individual NOT "under indictment" who carries a concealed weapon? What if an individual is convicted under the instant statute and is sentenced to fifteen years' imprisonment and then is later found not guilty of the charges for which he was "under indictment?"
Although we agree with the state that there is a legitimate interest in protecting the health and safety of the public, we do not agree that criminalizing the status of being "under indictment" is a reasonably related means to achieve the intended end. Therefore, despite the rule that every presumption is to be indulged in favor of the validity of a statute when considering its constitutionality, Griffin v. State, 396 So.2d 152 (Fla. 1981), we conclude that the portions of section 790.07 which prohibit certain activities "while under indictment" are unconstitutional as violative of substantive due process.
Below, appellant raised the constitutional issue by way of an ore tenus motion to dismiss. The trial court summarily denied the motion, however, as untimely. The state now contends that the constitutional issue was waived, because grounds other than fundamental grounds for a motion to dismiss are waived if not timely presented. Fla.R.Crim.P. 3.190(c). Application of a facially unconstitutional statute, however, such as occurred here, constitutes fundamental error. See Trushin v. State, 425 So.2d 1126 (Fla. 1982); Alexander v. State, 450 So.2d 1212 (Fla. 4th DCA 1984), remanded on other grounds, 477 So.2d 557 (Fla. 1985). Accordingly, the issue was not waived and is properly before this court for review.
Finding the statute unconstitutional, we reverse and remand with instructions to discharge the appellant unless he is being held on other charges or is incarcerated for other convictions.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.