557 So.2d 899 (1990)
Peter KING, Appellant,
v.
STATE of Florida, Appellee.
No. 89-502.
District Court of Appeal of Florida, Fifth District.
March 1, 1990.
*900 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue in this case is the constitutionality of Florida's "Habitual Felony Offender" act, which was substantially rewritten by the 1988 Florida Legislature. See Ch. 88-131, § 6, Laws of Fla. eff. Oct. 1, 1988, now codified as § 775.084. The act provides:
775.084. Habitual felony offenders and habitual violent felony offenders; extended terms; definitions; procedure; penalties. 
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of two or more felonies in this state;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,

*901 c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device, or bomb, or
j. Armed burglary;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later;
3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
4. A conviction of a crime necessary to the operation of this section has not been set aside in any post-conviction proceeding.
(c) "Qualified offense" means any offense in violation of a law of another state or of the United States that was punishable under the law of such state or the United States at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
(2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.
(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender.
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
(e) For the purpose of identification of a habitual felony offender or a habitual violent felony offender, the court shall fingerprint the defendant pursuant to s. 921.241.
(4)(a) The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
3. In the case of a felony of the third degree, for a term of years not exceeding 10.
(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
1. In the case of a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.
2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offenders shall not be eligible for release for 10 years.
3. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.
(c) If the court decides that imposition of sentence under this section is not necessary for the protection of the public, *902 sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual offender or a habitual violent offender, the court shall make that determination as provided in subsection (3).
(d) A sentence imposed under this section shall not be increased after such imposition.
(e) A sentence imposed under this section shall not be subject to the provisions of s. 921.001. The provisions of chapter 947 shall not be applied to such person. A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 944.275(4)(b).
In the instant case, King was charged and convicted of a felony offense which occurred on November 2, 1988. Prior to trial, the state filed a notice of its intention to seek enhanced punishment pursuant to section 775.084. After jury conviction and proof of prior convictions, the court found King to be a habitual offender and sentenced him to ten years in prison. On appeal, King challenges the constitutionality of the present statute on grounds of equal protection and due process (arbitrariness and vagueness).
As to equal protection, King claims that section 775.084 creates inequitable classes because it only applies to those whose prior offenses were committed in the State of Florida (under-inclusive). In Bell v. State, 369 So.2d 932 (Fla. 1979), the supreme court addressed an equal protection challenge to a criminal statute:
In order to constitute a denial of equal protection, the selective enforcement must be deliberately based on an unjustifiable or arbitrary classification. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962). The mere failure to prosecute all offenders is no ground for a claim of denial of equal protection. Moss v. Hornig, 314 F.2d 89, 92 (2d Cir.1963).
Id. at 934. See also Owen v. State, 443 So.2d 173 (Fla. 1st DCA 1983); Meristem Valley Nursery, Inc. v. Metropolitan Dade County, 428 So.2d 726 (Fla. 3d DCA 1983). Section 755.084 rationally advances a legitimate governmental objective. The classification created has some reasonable basis and thus does not offend the constitution simply because it may result in some degree of inequality. Equal protection does not require a state to choose between attacking every aspect of a problem or not attacking it at all. In re Estate of Greenberg, 390 So.2d 40, 46 (Fla. 1980), appeal dismissed, 450 U.S. 961, 101 S.Ct. 1475, 67 L.Ed.2d 610 (1981).
Under substantive due process, the test is whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary, capricious or oppressive. Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974). Courts will not be concerned with whether the particular legislation in question is the most prudent choice, or is a perfect panacea, to cure the ill or achieve the interest intended; if there is a legitimate state interest which the legislation aims to effect, and if the legislation is a reasonably related means to achieve the intended end, it will be upheld. State v. Walker, 444 So.2d 1137, 1138-1139 (Fla. 2d DCA), aff'd, 461 So.2d 108 (Fla. 1984). See also State v. Saiez, 489 So.2d 1125, 1129 (Fla. 1986); Potts v. State, 526 So.2d 104 (Fla. 4th DCA 1987), approved, 526 So.2d 63 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988).
Habitual offender statutes are the means to achieve the state goal of protecting the citizens of Florida by the incarceration of career criminals. Generally, a state is justified in punishing a recidivist more severely than it punishes a first offender. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Early Florida cases such as Cross v. State, 96 Fla. 768, 119 So. 380 (1928), recognized the above position.
And the State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment *903 for subsequent offenses than for a first offense against the law, and that a different punishment for the same offense may be inflicted under particular circumstances, provided it is dealt out to all alike who are similarly situated.
Cross 119 So. at 387. In short, the habitual offender statute, as amended, serves a legitimate state interest by utilizing a means reasonably related to achieve the intended purpose of the state.
King also argues that the statute is unconstitutionally vague. The issue presented by a vagueness challenge is whether the language of a statute is sufficiently clear to provide a definite warning of what conduct will be deemed a violation; that is, whether ordinary people will understand what the statute requires or forbids, measured by common understanding and practice. State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985); Brunelle v. State, 360 So.2d 70, 71 (Fla. 1978); Zachary v. State, 269 So.2d 669 (Fla. 1972). Specifically, the defendant maintains that the habitual offender statute sets up no method to determine who should be "habitualized." Nor does the statute explain who is to decide whether a person should come under its classification  the state attorney or the court.
Determining who falls within the purview of section 775.084 is clearly established by the statute. The clear intent of the legislature is that only when the court decides the statute is not necessary for the protection of the public can section 775.084 be disregarded. At the same time, it is also clear that either the state or the court may suggest the classification. There is nothing in the statute to suggest that the legislature intended otherwise.
Additionally, the defendant suggests that the habitual offender statute allows for the possibility of sentencing below the sentencing guideline recommended range without written reasons. This argument is unavailing because it is the converse of the argument that section 775.084 allows for the possibility of sentencing above the sentencing guideline recommended range without written reasons. Both arguments have been eliminated through legislative amendment. See § 775.084(4)(e), Fla. Stat. (1989).[1] The statute is not so vague that it offends principles of due process of law.
In simple recidivism statutes, a defendant does not need the full procedural due process protections afforded an accused in an ordinary criminal trial because usually the only additional evidence against one charged with being a recidivist consists of tangible court records and the accused's only defenses are that he is not the person mentioned in the previous convictions or that the convictions are void. Adams v. State, 376 So.2d 47, 55 n. 16 (Fla. 1st DCA 1979). Recidivist statutes which require second-stage findings of dangerousness or that an extended term is necessary to protect the public, involve additional findings of fact but such second-stage findings are not constitutionally necessary. Habitual offender statutes were constitutional prior to the advent of the amendment which required a finding that the enhanced sentence was necessary for the protection of the public. The fact that this requirement has been deleted effective October 1, 1988, does not render the statute unconstitutional.
Florida's habitual offender statute is constitutional under the equal protection clause of the federal constitution and the due process clauses of the state and federal constitutions.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] This particular subsection was in response to cases such as Whitehead v. State, 498 So.2d 863 (Fla. 1986).