DANIEL, C.W., Judge, Retired.
Ozell Debose appeals the sentence imposed following his conviction of two counts of burglary of a dwelling and one count of burglary of a structure. He was sentenced as an habitual offender to a total of thirty years incarceration. He claims the habitual offender statute as amended[1] *368 is unconstitutional for being impermissibly inequitable, irrational, and vague. We recently disposed of that question in King v. State, 557 So.2d 899 (Pla. 5th DCA 1990) in which we held the habitual offender statute to be constitutional.
Debose also complains that the written judgments and sentences do not conform to the oral pronouncement at the sentencing hearing. On this point he is correct. At sentencing, he received a thirty year term of incarceration for each count of burglary of a dwelling. On the burglary of a structure conviction, he was sentenced to ten years incarceration. All of the sentences were to run concurrent with each other. However, the written judgments and sentences show that the defendant was sentenced to ten years instead of thirty years for one of the burglary of a dwelling convictions and that he received thirty years instead of ten years for the burglary of a structure conviction, a third degree felony. Under the habitual offender statute a sentence for a third degree felony cannot exceed ten years. This appears to have been a scrivener’s error in reducing the sentences to writing.
We therefore remand the matter for correction of the sentences. In all other respects the judgments and sentences are affirmed.
AFFIRMED in part; REMANDED for correction of sentences.
GOSHORN and GRIFFIN, JJ., concur.

. See § 775.084, Fla.Stat. (1989).