SHIVERS, Chief Judge.
Jones appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm in part and reverse in part.
Jones’ 3.850 motion alleges (1) Jones was improperly habitualized because the trial judge did not show an enhancement is necessary for the protection of the public, and (2) the trial judge added probation conditions to the written order which were not pronounced in open court. The motion was summarily denied solely because Jones had entered into a plea agreement requiring habitualization.
We affirm the trial court’s denial of Jones’ 3.850 motion as to the first allegation. The plea agreement states as a condition, “Guidelines sentence — habitual offender status not for purposes of enhancing defendant’s sentence but for purposes of limiting gain time.” Jones does not challenge the voluntariness of the plea; and the requirement that the trial judge find habitualization is necessary for the protection of the public was deleted effective October 1, 1988. King v. State, 557 So.2d 899 (Fla. 5th DCA 1990).
The trial court did not, however, address in any way Jones’ allegation that improper probation conditions were imposed. We therefore reverse and remand with directions to attach those portions of the record which conclusively show that Jones is not entitled to relief, or if such showing cannot be determined from the face of the record, conduct an evidentiary hearing. Sullivan v. State, 526 So.2d 1068 (Fla. 1st DCA 1988).
ERVIN, J., concurs.
WOLF, J., dissents, with an opinion.