605 So.2d 477 (1992)
Arthur TOLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2796.
District Court of Appeal of Florida, Fifth District.
August 14, 1992.
Rehearing Denied October 8, 1992.
James B. Gibson, Public Defender, Paolo G. Annino and Sophia B. Ehringer, Asst. Public Defenders, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, David S. Morgan and David G. Mersch, Asst. Attys. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Toliver challenges his sentences of thirty years for robbery,[1] (after serving twenty years, the balance to be suspended and appellant to be placed on probation for five years) and a consecutive sentence of five years of probation for unlawful possession of a controlled substance,[2] which were imposed after the trial court found he was an habitual felony offender.[3] The maximum statutory sentence for robbery was fifteen years in prison, and for the possession count, five years.[4] Toliver argues he should be resentenced pursuant to the guidelines, and not as an habitual felony *478 offender, because the trial judge sua sponte gave notice to appellant to determine if he was an habitual felony offender, pursuant to section 775.084. We affirm.
In this case, Toliver pled guilty to unlawful possession and robbery, a lesser included offense of armed robbery, the crime charged. The trial court accepted the pleas but warned Toliver of the possible statutory maximum sentences, and also warned him a separate proceeding could be conducted to determine whether he was an habitual felony offender. The judge said his sentencing exposure would double if he were found to be an habitual felony offender: "Up to 40 years in the state prison."
Toliver said he understood. The court accepted his pleas, and set sentencing for a time after receipt of a P.S.I. Thereafter, the judge, on his own initiative, sent Toliver a notice and order for a hearing to determine if he was an habitual felony offender or an habitual violent felony offender, pursuant to section 775.084. That statute provides:

775.084 Habitual felony offenders and habitual violent felony offenders; extended terms; definitions; procedure; penalties. 
"(1) As used in this act:
"(a) `Habitual felony offender' means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
"1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
"2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
"3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
"4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
"(b) `Habitual violent felony offender' means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
"1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:"
`a. Arson,
`b. Sexual battery,
`c. Robbery,
`d. Kidnapping,
`e. Aggravated child abuse,
`f. Aggravated assault,
`g. Murder,
`h. Manslaughter,
`i. Unlawful throwing, placing, or discharging of a destructive device or bomb,
`j. Armed burglary, or
`k. Aggravated battery;'
"2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later;
"3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
"4. A conviction of a crime necessary to the operation of this section has not been set aside in any post-conviction proceeding.
"(c) `Qualified offense' means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or *479 any possession or territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
"(2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.
"(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
"(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender.
"(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
"(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
"(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
"(e) For the purpose of identification of a habitual felony offender or a habitual violent felony offender, the court shall fingerprint the defendant pursuant to s. 921.241.
"(4)(a) The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
"1. In the case of a felony of the first degree, for life.
"2. In the case of a felony of the second degree, for a term of years not exceeding 30.
"3. In the case of a felony of the third degree, for a term of years not exceeding 10.
"(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
"1. In the case of a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.
"2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years.
"3. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.
"(c) If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual felony offender or a habitual violent felony offender, the court shall make that determination as provided in subsection (3).
"(d) A sentence imposed under this section shall not be subject to the provisions of s. 921.001. The provisions of chapter 947 shall not be applied to such person. A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 944.275(4)(b). (emphasis supplied)"
At the commencement of the sentencing hearing, the trial judge offered to allow Toliver to withdraw his pleas. He declined. Based solely on the P.S.I., since neither the state nor the defense challenged its contents nor offered any evidence on the habitual offender issue, the court found that Toliver is an habitual felony offender. He had at least two or more prior felony convictions, one of which was within the last five years.
*480 Toliver argues that the trial judge had no power to give the notice required by section 775.084(3), which is required prior to an enhanced sentencing, pursuant to the habitual offender statute.[5] He claims that the state attorney has the exclusive power and discretion to recommend habitual offender sentencing and for the trial judge to do so, violates the separation of powers mandate of the Florida Constitution.[6]
In King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla. 1990), we upheld the constitutionality of the revised habitual offender statute against equal protection and due process challenges. We surmised in King that either the state or the court could "suggest" classification as a habitual offender. We noted there is nothing in the statute to show the legislature intended otherwise.
Although our language referenced above in King is dictum in that case, we see no reason not to adopt it as our holding in this case. It achieves a logical and symmetrical result to read the habitual offender statute as giving the trial judge the power and discretion to both impose and refrain from imposing an habitual offender sentence. If the prosecutor were given the sole power to send the required notice to invoke a hearing on a defendant's habitual offender status, the trial judge could be deprived of the power to render a habitual offender sentence in a case he or she felt was appropriate, where the prosecutor (for various or whatever reason) took no action.
AFFIRMED.
GOSHORN, C.J., and MUSLEH, V.J., Associate Judge, concur.
NOTES
[1] § 812.13, Fla. Stat. (1991).
[2] § 893.13(1)(f), Fla. Stat. (1991).
[3] § 775.084, Fla. Stat. (1991).
[4] §§ 775.082(3)(c) and (d), Fla. Stat. (1991).
[5] Sweat v. State, 570 So.2d 1111 (Fla. 5th DCA 1990).
[6] Art. II, § 3, Fla. Const.

SECTION 3. Branches of Government.  The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.