617 So.2d 1164 (1993)
Lance TURCOTTE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1973.
District Court of Appeal of Florida, Fifth District.
May 21, 1993.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant appeals his habitual offender sentence. We affirm.
After appellant pled guilty to two counts of uttering a false or forged instrument,[1] the trial court, sua sponte, filed a notice and order for a separate proceeding to determine whether appellant qualified as an habitual felony offender. Appellant objected, arguing that this action by the trial court violated the principle of separation of powers.[2] The trial court overruled the objection and sentenced appellant as an habitual offender. This appeal followed.
In King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla. *1165 1990), we upheld the constitutionality of the revised habitual offender statute, section 775.084, Florida Statutes (1989), against equal protection and due process challenges. In that case we observed "that either the state or the court may suggest the [habitual offender] classification." King, 557 So.2d at 903. Subsequently, in Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992), rev. denied, 618 So.2d 212 (Fla. 1993), we rejected the defendant's argument that the state attorney had the exclusive power and discretion to recommend habitual offender sentencing:
We surmised in King that either the state or the court could "suggest" classification as a habitual offender. We noted there is nothing in the statute to show the legislature intended otherwise.
Although our language referenced above in King is dictum in that case, we see no reason not to adopt it as our holding in this case. It achieves a logical and symmetrical result to read the habitual offender statute as giving the trial judge the power and discretion to both impose and refrain from imposing an habitual offender sentence. If the prosecutor were given the sole power to send the required notice to invoke a hearing on a defendant's habitual offender status, the trial judge could be deprived of the power to render a habitual offender sentence in a case he or she felt was appropriate, where the prosecutor (for various or whatever reason) took no action.
Toliver, 605 So.2d at 480 (emphasis in original).
Appellant argues that Toliver only mentions but does not address the separation of powers argument; however, we read Toliver to hold that there is nothing in the habitual offender statute which indicates that the legislature did not intend to give both the trial court and the state attorney authority to initiate the procedure for classification of a defendant as an habitual offender. In initiating such a procedure, therefore, a trial court does not violate the separation of powers doctrine. We reject appellant's contention that the statutory statement of legislative findings and intent contained in section 775.0841 expresses that the habitual offender statute is to be implemented solely by prosecutors. This statutory statement merely expresses a general policy that the legislature intends to initiate and support increased efforts by law enforcement agencies and state attorneys' offices to investigate, apprehend, and prosecute career criminals and to incarcerate them for extended terms. This legislative statement neither limits the initiation of habitual offender classification to the state attorneys nor prohibits the trial courts from doing so. In fact, permitting trial courts to initiate the habitual offender classification when the state attorneys fail to do so accomplishes the legislative policy of incarcerating career criminals.
Thus, we affirm appellant's classification as an habitual offender. We recognize that the trial court initiated the habitual offender proceedings after appellant pled guilty. This fact is relevant because, while this appeal was pending, the Florida Supreme Court decided Ashley v. State, 614 So.2d 486 (Fla. 1993). In Ashley, the court held that imposition of an habitual offender sentence following entry of a guilty plea is not proper if, prior to the trial court's acceptance of the plea, the defendant has not received written notice of the intent to habitualize and the trial court has not confirmed that the defendant was personally aware of the possibility and reasonable consequences of an habitual offender sentence. Because the record does not contain a transcript of appellant's plea colloquy, we cannot determine if Ashley applies. Consequently, we conclude that the effect of Ashley is a matter for future post-trial proceedings.
Accordingly, we affirm appellant's habitual offender sentence without prejudice to either appellant or the state to raise, in an appropriate future post-trial proceeding, any matter concerning the applicability and effect of the ruling in Ashley.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] § 831.02, Fla. Stat. (1991).
[2] Art. II, § 3, Fla. Const.