GOSHORN, Judge.
Melvin Oglesby appeals from the judgment of the trial court sentencing him as a habitual offender. On appeal, he contends that it was error for the trial court, rather than the State, to provide him with the notice of intent to habitualize. He further argues that his sentence must be reversed because the notice was not provided prior to the entry of his plea. We affirm.
As to Oglesby’s first contention, this court has previously held that it is proper for the trial judge to file the notice for habitual offender sentencing. Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992), review denied, 618 So.2d 212 (Fla.1993). As to Ogles-by’s second contention, we acknowledge that approximately one year after Oglesby tendered his plea, but while this appeal was pending, the Florida Supreme Court decided Ashley v. State, 614 So.2d 486 (Fla.1993). In Ashley, the court held that
in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habituali-zation.
Id. at 490 (footnote omitted). However, unlike the plea agreement in Ashley which expressly provided that Ashley would be sentenced under the guidelines, Oglesby, by his signed written plea agreement, specifically acknowledged that
4. I have read the information or indictment in this ease and I understand the charge(s) to which I enter my plea(s). My attorney has explained to me the total maximum penalties for the charge(s) and as a result I understand the following:
⅜ sfc # H« # ⅜
c. That should I be determined by the Judge to be a Violent Habitual Felony Offender, and should the Judge sentence me as such, I could receive up to a maximum sentence of 30 years imprisonment and that as to any habitual offender sentence I would not be entitled to receive any basic gain time.
d. That should I be determined by the Judge to be a Non-Violent Habitual Felony Offender, and should the Judge sentence me as such, I could receive up to a maximum sentence of 30 years imprisonment and a mandatory minimum of 0 years imprisonment and that as to any habitual offender sentence I would not be entitled to receive any basic gain time. [Emphasis added].
The plea agreement further set forth that Oglesby had read the written plea, discussed it with his attorney, and that Oglesby fully understood the plea agreement. Oglesby made the same representations to the trial court in open court at the plea proceeding. We therefore find that the protections afforded by Ashley were provided to Oglesby prior to the entry of his plea and find that the “harmless error” analysis set forth by the supreme court in Massey v. State, 609 So.2d 598 (Fla.1992) applies. To hold otherwise would elevate form over substance.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.