PER CURIAM.
Defendant has appealed the denial of his motion for post-conviction relief pursuant to rule 3.850. Defendant based his collateral attack on his conviction on alleged constitutional infirmities in his classification as a habitual felony offender, specifically, that he was designated for habitual offender status purely on the basis of race in violation of equal protection and due process rights under both the Florida and United States Constitutions. We reject defendant’s constitutional argument pursuant to the reasoning in our recent decision of Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995). In addition, defendant does not raise the legality of the creation of the special habitual felony offender division by administrative order rather than local rule. However, in Hartley the defendant was assigned to the habitual offender division upon a determination that he met the criteria set forth in the administrative rule. Here, defendant’s case had already been assigned to Division V twenty months before Division V was converted to the habitual offender division. Accordingly, for all of these reasons, we affirm the denial of defendant’s motion for post-conviction relief.
HERSEY, FARMER and PARIENTE, JJ., concur.