663 So.2d 1373 (1995)
Anthony KIRK, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2089.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
James B. Gibson, Public Defender, James T. Cook, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
*1374 PADOVANO, P.J., Associate Judge.
The defendant, Anthony Kirk, appeals two habitual violent offender sentences imposed by the trial judge without a request by the state. In summary, the defendant contends that section 775.08401, Florida Statutes (1993) deprives the trial court of authority to serve the notice required for an enhanced sentence and that proceedings under the habitual offender statute are now initiated exclusively by the state. We reject this argument and therefore affirm the defendant's habitual violent offender sentences.
On January 14, 1994, the state charged the defendant with the crime of extortion. When the information was filed, the defendant was on probation for grand theft and so the extortion charge resulted in an affidavit of violation of probation as well. The prosecution and the defense stipulated to a nonjury trial in the extortion case and agreed that the evidence in the trial would be used to determine the outcome of the alleged probation violation. On May 4, 1994, the trial judge found the defendant guilty of extortion. Based on this finding, the trial judge also found the defendant guilty of a violation of his probation. Both cases were set for sentencing on August 30, 1994.
At the beginning of the sentencing hearing the trial judge announced his intention to impose an enhanced penalty under the habitual offender statute. The judge offered to continue the hearing to allow the defendant time to address the habitual offender issue. The defendant declined the offer for a continuance but did object to the court's authority to initiate the proceeding for an enhanced sentence. Ultimately, the trial judge concluded that the defendant met the provisions of the statute and sentenced him as a habitual violent offender in both cases.[1]
The legislature made several amendments to the habitual offender statute in 1993, among them section 775.08401, a provision designed to promote uniform implementation of the statute. This section provides:
775.08401 Habitual offenders and habitual violent felony offenders; eligibility criteria.  The state attorney in each judicial circuit shall adopt uniform criteria to be used in determining if an offender is eligible to be sentenced as a habitual offender or a habitual violent felony offender. The criteria shall be designed to ensure fair and impartial application of the habitual offender statute. A deviation from this criteria must be explained in writing, signed by the state attorney, and placed in the case file maintained by the state attorney. A deviation from the adopted criteria is not subject to appellate review.
This court noted in Santoro v. State, 644 So.2d 585 (Fla. 5th DCA 1994), rev. granted, 652 So.2d 818 (1995), that "[t]he judge's ability to initiate a habitual offender treatment has been placed in doubt" by section 775.08401. The court suggested that the state attorney may now have exclusive authority to initiate proceedings under the statute. However, the court did not decide this point of law. On the contrary, these parenthetical remarks in the opinion merely raise the issue we must now resolve.
Before the enactment of section 775.08401, this court recognized that a trial judge could invoke the provisions of the habitual offender statute to impose an enhanced penalty not requested by the state. In Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992), rev. den., 618 So.2d 212 (Fla. 1993), the court held that either the prosecutor or the judge can invoke the procedure for the use of the habitual offender statute. The court noted that "there is nothing in the statute to show the legislature intended otherwise." Id. at p. 480. In support of it conclusion the court reasoned:
It achieves a logical and symmetrical result to read the habitual offender statute as giving the trial judge the power and discretion to both impose and refrain from imposing an habitual offender sentence. *1375 If the prosecutor were given the sole power to send the required notice to invoke a hearing on a defendant's habitual offender status, the trial judge could be deprived of the power to render a habitual offender sentence in a case he or she felt was appropriate, where the prosecutor (for various or whatever reason) took no action.
Id. at p. 480.
The legislature is presumed to know the judicial construction of a statute when it contemplates a statutory amendment or revision. Bridges v. Williamson, 449 So.2d 400 (Fla. 2d DCA 1984). Section 775.08401 does not reject the established rule that a proceeding under the habitual offender statute can be initiated independently by the court. The statute does not refer to any of the rights or duties of the court. Hence we conclude that the legislature did not intend to limit the authority of the courts by rejecting the construction of the habitual offender statute in Toliver. Had the legislature intended to remove judicial discretion to initiate a proceeding for an enhanced penalty, it would have done so expressly.
The history of constitutional challenges to the habitual offender statute reveals the purpose of section 775.08401. Before the amendment, criminal defendants often argued that the habitual offender statute had been applied in violation of their right to equal protection of the law. Seabrook v. State, 629 So.2d 129 (Fla. 1993); Reeves v. State, 612 So.2d 560 (Fla. 1992); Ross v. State, 601 So.2d 1190 (Fla. 1992).[2] Many of these challenges included a specific claim of racial discrimination in the use of the statute. Miller v. State, 651 So.2d 138 (Fla. 3d DCA), rev. den., 659 So.2d 1087 (Fla. 1995); McKinley v. State, 650 So.2d 1052 (Fla. 2d DCA 1995); Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995); Lamar v. State, 650 So.2d 1044 (Fla. 4th DCA 1995); Dawson v. State, 636 So.2d 858 (Fla. 1st DCA), rev. den., 648 So.2d 722 (Fla. 1994); Pittman v. State, 633 So.2d 1125 (Fla. 1st DCA), rev. den., 642 So.2d 747 (Fla. 1994). Section 775.08401 addresses the concerns raised in these cases by requiring the state attorneys to establish uniform guidelines that will prevent selective use of the statute.
Section 775.08401 is a discrete provision of the habitual offender statute and it adds a regulation that pertains exclusively to the conduct of state attorneys. This section does not add any new requirement for trial judges, much less remove any authority previously vested in trial judges. Judicial discretion in selecting cases for enhanced sentencing continues to be an important part of the statutory scheme. The trial judge's independent power to initiate habitual offender proceedings in a case similar to others in which the state attorney has routinely invoked the statute is a factor that operates as a further check on the potential for arbitrary enforcement.
Prosecutors now have a duty under section 775.08401 to adopt uniform guidelines for invoking the habitual offender statute. However, section 775.08401 does not create any right that can be enforced by the defendant or even by the court. It contains no provision for judicial review of the guidelines and it specifically states that "a deviation from the adopted criteria is not subject to appellate review." The statute requires each state attorney to devise a plan that can be used in good faith to channel discretion in the use of the habitual offender statute but it does not bring about any fundamental change in the authority of the court. Therefore, we conclude that the rule in Toliver applies and that judges continue to have authority to initiate proceedings to invoke the habitual offender statute.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] We recognize that the habitual offender sentence imposed in the grand theft case may be subject to challenge if the defendant was not properly notified of the court's intention to impose an enhanced sentence at the time of the plea in that case. However, that issue is not presented on the record in this case, and, therefore, it must be deferred for consideration in a postconviction motion. See, Turcotte v. State, 617 So.2d 1164 (Fla. 5th DCA 1993).
[2] The opinion of the court in London v. State, 623 So.2d 527 (Fla. 1st DCA), rev. den., 630 So.2d 1100 (Fla. 1993), contains a complete list of the cases presenting constitutional challenges to the habitual offender statute.