W. SHARP, Judge.
McRae appeals his sentence as a habitual violent felony offender because the trial judge initiated habitual offender treatment after McRae entered a guilty plea to aggravated assault,[1] and retail theft in 1993.[2] He *15 also claims the imposition of $60.00 to First Step was error. We affirm.
We have repeatedly held that a judge may initiate habitual offender treatment, and we adhere to that position again in this ease.[3] Dobson v. State, 665 So.2d 386 (Fla. 5th DCA 1996); Young v. State, 663 So.2d 1376 (Fla. 5th DCA 1995); Kirk v. State, 663 So.2d 1373 (Fla. 5th DCA 1995); Santoro v. State, 644 So.2d 585 (Fla. 5th DCA 1994).
Although we have struck the imposition of payments to First Step in the past, section 948.03(1)(n), Florida Statutes, now provides that the court may include the following condition:
Pay not more than $1 per month during the term of probation or community control to a nonprofit organization established for the sole purpose of supplementing the rehabilitative efforts of the Department of Corrections, (emphasis supplied)
The foregoing provides for a maximum of $12 per year (or $60 over a five year period) in those cases where First Step supervises a defendant’s probation. However, the statutory language does not authorize an across-the-board $60 charge in all cases. In this case, McRae was sentenced to five years probation, and the $60.00 charge is proper.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.

. Section 784.021(1), Fla.Stat. (1993).

. Section 812.015, Fla.Stat. (1993).

. In Young v. State, 663 So.2d 1376 (Fla. 5th DCA 1995), we held that the statute which imposes requirements on the state attorney, section 775.08401, seeking habitual offender sentencing did not, by implication, preclude a trial court from initiating habitual offender sentencing on its own initiative. Section 775.08401 requires the state attorney to formulate criteria to insure a fair and impartial application of the habitual offender statute. The amended statute does not preclude the trial judge from initiating a proceeding to sentence a person as a habitual felony offender. We thus concluded that the amendment left the power intact. Turcotte v. State, 617 So.2d 1164 (Fla. 5th DCA 1993); Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992), rev. denied, 618 So.2d 212 (Fla.1993).