699 So.2d 624 (1997)
Taurance YOUNG, Petitioner,
v.
STATE of Florida, Respondent.
No. 87099.
Supreme Court of Florida.
July 3, 1997.
Rehearing Denied September 2, 1997.
James B. Gibson, Public Defender and Dan D. Hallenberg, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
We have for review a decision ruling upon the following question certified to be of great public importance:
WHERE A SENTENCE IS REVERSED BECAUSE THE TRIAL COURT FAILED TO ORALLY PRONOUNCE CERTAIN SPECIAL CONDITIONS OF PROBATION WHICH LATER APPEARED IN THE WRITTEN SENTENCE MUST THE COURT SIMPLY STRIKE THE UNANNOUNCED CONDITIONS, OR MAY THE COURT *625 ELECT TO REIMPOSE THOSE CONDITIONS AT RESENTENCING?
Young v. State, 663 So.2d 1376, 1378 (Fla. 5th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We have already answered this question in Justice v. State, 674 So.2d 123 (Fla.1996), wherein we held that improperly imposed special conditions could not be reimposed at a resentencing. We adhere to that holding in this case. We also hold that the decision to prosecute a defendant as an habitual offender is a prosecutorial function to be initiated at the prosecutor's discretion and not by the court.[1]

FACTS
The record reflects that petitioner, Taurance Young, pled guilty to four separate criminal charges. The trial court independently determined, on its own initiative, that Young was eligible for sentencing as an habitual offender, and the court subsequently initiated, sua sponte, habitual offender proceedings against him. Over objection, the trial court found Young to be an habitual offender and sentenced him to the enhanced sentences provided under that statutory scheme.
Young appealed from the enhanced sentences arguing, among other things, that (1) the trial court improperly imposed written conditions of probation that were not orally announced at sentencing, and (2) the trial court lacked authority to initiate habitual offender proceedings against him. 636 So.2d at 1376. As to the validity of the unannounced conditions of probation, the Fifth District noted that it had certified this identical issue for our review in Justice v. State, 658 So.2d 1028 (Fla. 5th DCA 1995), which was pending in this Court when Young was decided, and again certified the same question. The district court rejected Young's second claim that pursuant to the scheme for habitual offender prosecution set out in section 775.08401, Florida Statutes (1993), only the state attorney, and not the trial court, may properly initiate habitual offender proceedings against a defendant. Id. at 1377.

THE CERTIFIED QUESTION
As the district court below correctly noted, the certified question here is the same question certified for our review in Justice. We expressly answered this question in Justice v. State, 674 So.2d 123, 126 (Fla.1996), holding that "where a sentence is reversed because the trial court failed to orally pronounce certain special conditions of probation which later appeared in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon resentencing." Consistent with our opinion in Justice, the special condition of probation which was not orally announced at sentencing and struck by the district court on appeal may not be reimposed.

PROSECUTION AS HABITUAL OFFENDER
Although not part of the certified question, we also exercise our discretion to review the issue of whether under the latest amendment to Florida's habitual offender statute, section 775.08401, Florida Statutes (1995), a trial judge, as opposed to the state attorney, may sua sponte initiate habitual offender proceedings against an eligible defendant. Young specifically raised this issue in the trial court and on appeal to the district court and it is properly before us for review.[2] We reject the holding of the majority below that trial courts may initiate the prosecution of a defendant as an habitual offender. 663 So.2d at 1377-78.
Initially, we are persuaded by Judge Harris's analysis as to the effect of the express statutory scheme for habitual offender prosecution:
[E]ffective June 17, 1993, the legislature enacted section 775.08401:

*626 Habitual offenders and habitual violent felony offenders; eligibility criteria. The state attorney in each judicial circuit shall adopt uniform criteria to be used in determining if an offender is eligible to be sentenced as a habitual offender or a habitual violent felony offender. The criteria shall be designed to insure fair and impartial application of the habitual offender statute. A deviation from this criteria must be explained in writing, signed by the state attorney, and placed in the case file maintained by the state attorney. A deviation from the adopted criteria is not subject to appellate review.
By the enactment of the statute, the legislature recognized that since every felon who has a record that would otherwise qualify for habitual treatment will not, and should not, be habitualized, there must be some standard (at least within any particular circuit) on which to base a sentencing decision. By placing the obligation on the state attorney to develop and maintain the appropriate criteria, in my view, the legislature has now expressed an intent that the separate proceedings required by section 775.084(3) must be invoked by, and only by, the office of the state attorney. Otherwise the purpose of such section can be avoided by merely deferring to the sentencing philosophy of each individual judge. Did the legislature intend that a judge could sentence one as an habitual offender who would not be so qualified under the criteria established by the state attorney?
663 So.2d at 1379 (Harris, J., specially concurring). Because, as Judge Harris explains, the statutory obligation to develop and maintain specific criteria for pursuing habitual offender status has been placed solely in the hands of state attorneys, we conclude that habitual offender proceedings must be initiated by the prosecution and not the trial court. Id. at 1378-79.
The statutory scheme contemplates the development of "fair and impartial" criteria for determining whether a prosecutor may invoke the enhanced punishment provisions provided under the habitual offender statute. In fact, deviation from these criteria must be supported by a written explanation. Trial courts play no role in the development and application of the habitualization criteria developed by the individual state attorneys under the legislature's scheme. Allowing trial courts to independently initiate habitual offender proceedings sua sponte would allow them to habitualize defendants who otherwise would not be subject to habitualization under the state attorney's criteria. This in turn would lead to the inconsistency the legislature obviously was attempting to avoid.
In addition, we are concerned that by declaring an intent to initiate habitualization proceedings against a defendant, the trial court, in essence, would become an arm of the prosecution, thereby violating the separation of powers doctrine. We have held, for example: "Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute." State v. Bloom, 497 So.2d 2, 3 (Fla.1986). Under our adversary system very clear and distinct lines have been drawn between the court and the parties. To permit a court to initiate proceedings for enhanced punishment against a defendant would blur the lines between the prosecution and the independent role of the court as a fair and unbiased adjudicator and referee of the disputes between the parties.
This separation of powers issue was recognized recently in a separate opinion by Justice Overton in State v. Booth, 672 So.2d 35 (Fla.1996). In Booth, this Court summarily quashed the district court's decision below and remanded for proceedings consistent with our recent decision in State v. Blackwell, 661 So.2d 282, 284 (Fla.1995) (holding the requirement that defendant be given notice of intent to habitualize is satisfied where defendant receives written notice of possibility of habitualization before his or her plea is accepted). Although the majority in Booth declined to address the issue sub judice because it had not been raised in the trial court or district court, Justice Overton, in dissent, expressed his concerns that section 775.08401
authorizes only the state attorney to initiate the habitualization process. To broaden *627 that authority ... by judicial fiat effectively places the judge in a prosecutorial role. This would allow the judge to both initiate the habitual offender sentencing process and adjudicate whether the defendant meets the statutory criteria.
672 So.2d at 36 (Overton, J., dissenting). We agree.
We must also be concerned about fairness and the appearance of fairness. How fair could a court that has initiated the prosecution on its own then be in deciding whether to impose habitual offender sanctions? At the very least, the appearance of fairness may be questioned in such a situation. Similarly, consistent with the concerns for "fair and impartial" criteria that motivated the legislature, what criteria, other than the minimum technical standards of the statute, would a trial court utilize in deciding to initiate a prosecution in one case but not in another? One judge may decide to uniformly seek habitualization while another may decide to stay away from the issue altogether. The fate of a defendant will simply turn upon the luck of the draw.
Now that this issue is squarely before us, we adopt the reasoning set out in Justice Overton's dissent in Booth and Judge Harris's special concurrence in Young and find that, based on section 775.08401 and concerns about the separation of powers, only the state attorney may initiate habitual offender proceedings against an eligible defendant. The decision of the district court striking an unauthorized special condition of probation is approved. The decision to affirm petitioner's sentencing as an habitual offender is quashed and the case remanded for proceedings consistent with this opinion.[3]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW and ANSTEAD, JJ., concur.
GRIMES, J., concurs in part and dissents in part with an opinion, in which HARDING and WELLS, JJ., concur.
GRIMES, Judge, concurring in part and dissenting in part.
I respectfully dissent from that portion of the opinion which deals with prosecution as a habitual offender.
Section 775.084, Florida Statutes (1993), sets forth the circumstances under which habitual felony offenders and habitual violent felony offenders may receive enhanced sentences. The statute defines the nature and extent of prior convictions that must be shown before a defendant can be determined to be a habitual felony offender or a habitual violent felony offender. Pertinent to the issue before us, section 775.084(3)(b) states in part:
(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
....
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
In the event the defendant is found to be a habitual felony offender or a habitual violent felony offender, the court is authorized, but not required, to impose a sentence in excess of the statutory maximum that would otherwise be applicable.
The Fifth District Court of Appeal has addressed the issue before us on several occasions. In upholding the habitual felony offender statute against equal protection and due process challenges in King v. State, 557 So.2d 899, 903 (Fla. 5th DCA 1990), the court noted that "it is also clear that either the state or the court may suggest the classification. There is nothing in the statute to suggest that the legislature intended otherwise."
*628 Thereafter, in Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992), the court specifically addressed the contention that the trial judge had no power to give the notice required by section 775.084(3)(b) by stating:
Although our language referenced above in King is dictum in that case, we see no reason not to adopt it as our holding in this case. It achieves a logical and symmetrical result to read the habitual offender statute as giving the trial judge the power and discretion to both impose and refrain from imposing an habitual offender sentence. If the prosecutor were given the sole power to send the required notice to invoke a hearing on a defendant's habitual offender status, the trial judge could be deprived of the power to render a habitual offender sentence in a case he or she felt was appropriate, where the prosecutor (for various or whatever reason) took no action.
Id. at 480.
The same court readdressed the question in Kirk v. State, 663 So.2d 1373 (Fla. 5th DCA 1995), review dismissed, 667 So.2d 775 (Fla.1996). In that case, the defendant argued that it was the legislative intent of the then recently enacted section 775.08401, Florida Statutes (1993), that only the state attorney could initiate habitual felony offender sentencing proceedings. That section read as follows:
775.08401. Habitual offenders and habitual violent felony offenders; eligibility criteria.The state attorney in each judicial circuit shall adopt uniform criteria to be used in determining if an offender is eligible to be sentenced as a habitual offender or a habitual violent felony offender. The criteria shall be designed to ensure fair and impartial application of the habitual offender statute. A deviation from this criteria must be explained in writing, signed by the state attorney, and placed in the case file maintained by the state attorney. A deviation from the adopted criteria is not subject to appellate review.
The court held, however, that the adoption of this statute did not eliminate the court's authority to initiate a habitual felony offender sentencing proceeding. The court reasoned that because the habitual felony offender statute had often been challenged on grounds of racial discrimination, section 775.08401 was enacted to require state attorneys to establish uniform guidelines that would prevent selective use of the statute.[4] Noting that its earlier decisions had been issued before the enactment of section 775.08401, the court pointed out that the legislature is presumed to know the judicial construction of a statute when it contemplates a statutory amendment or revision, and concluded that had the legislature intended to remove judicial discretion to institute habitual offender sentencing, it would have done so expressly. Kirk, 663 So.2d at 1375.
In the instant case, the Fifth District Court of Appeal simply followed the rationale of its prior decisions. I agree with the court below that a trial judge may initiate habitual felony offender sentencing proceedings by serving written notice as set forth in section 775.084(3)(b). I also reject the suggestion that because of the doctrine of separation of powers, only the prosecutor is authorized to serve the notice of the proceeding to determine habitual felony offender status. The habitual felony offender statute is simply a sentencing mechanism designed to permit the court under proper circumstances to enhance the sentences of those defendants with prior felony records. The only purpose of serving the notice is to give the defendant an opportunity to prepare an argument against habitualization. Thus, the filing of the notice is not a charging function and does not violate separation of powers. In sum, I believe that the enactment of section 775.08401 did not affect the trial judge's authority to institute *629 habitual felony sentencing proceedings. I agree with the court in Kirk when it said:
Section 775.08401 is a discrete provision of the habitual offender statute and it adds a regulation that pertains exclusively to the conduct of state attorneys. This section does not add any new requirement for trial judges, much less remove any authority previously vested in trial judges. Judicial discretion in selecting cases for enhanced sentencing continues to be an important part of the statutory scheme. The trial judge's independent power to initiate habitual offender proceedings in a case similar to others in which the state attorney has routinely invoked the statute is a factor that operates as a further check on the potential for arbitrary enforcement.
Kirk, 663 So.2d at 1375.
I would approve the decision of the court below except to the extent it authorized reimposing improperly imposed special conditions of probation at resentencing.
HARDING and WELLS, JJ., concur.
NOTES
[1] Our decision today will apply only to those cases where the issue was properly preserved in the trial court and is still being contested at the trial or appellate level. It will not apply to cases that have become final or provide a basis for relief in post-conviction collateral proceedings.
[2] We note that Judge Harris, in his specially concurring opinion rejecting the majority's rationale, also requested that this issue be added to the certified question for our review. 663 So.2d at 1379.
[3] We note that on the same date as the opinion in Young was released, another panel of the Fifth District released Kirk v. State, 663 So.2d 1373 (Fla. 5th DCA 1995), in which it held that a trial judge continues to have the authority to initiate habitual sentencing proceedings against a defendant even if the state attorney, based on approved criteria, elects not to request such a sentence. Id. at 1374-75. We also disapprove Kirk on the same grounds that we quash Young.
[4] In this case, the State points out that section 775.08401 was passed as part of the "Safe Streets Initiative of 1994," which the legislature enacted "to emphasize incarceration in the state prison system for violent offenders and nonviolent offenders who have repeatedly committed criminal offenses and have demonstrated an inability to comply with less restrictive penalties previously imposed." Ch. 93-406, § 1, at 2912, Laws of Fla. Based on that language, the State argues that, if anything, section 775.08401 was designed to ensure that state attorneys would file more notices to habitualize.