ANTOON, Judge.
Randy Darrell Carter (defendant) petitions this court for a writ of habeas corpus contending that he is entitled to relief from his habitual offender sentence under Young v. State, 699 So.2d 624 (Fla.1997). We deny the petition.
In Young, the supreme court held that the decision to prosecute a defendant as an habitual felony offender is a prosecutorial function. In so ruling the supreme court rejected the argument that trial courts may sua sponte initiate the prosecution of a defendant as an habitual offender. Young v. State, 699 So.2d at 624. However, the court expressly narrowed the scope of the application of its ruling by stating:
Our decision today will apply only to those cases where the issue was properly preserved in the trial court and is still being contested at the trial or appellate level. It will not apply to cases that have become final or provide a basis for relief in post-conviction collateral proceedings.
Id. 699 So.2d at 625, n. 1.
On direct appeal, the defendant challenged his sentence claiming that the trial court lacked the authority to initiate habitual offender sentencing. This court affirmed the trial court. Carter v. State, 654 So.2d 675 (Fla. 5th DCA 1995). He again raised the issue in a subsequent rule 3.850 motion for post-conviction relief, and in a separate petition for writ of habeas corpus. Both of these collateral appeals were also rejected by this court. See Carter v. State, 681 So.2d 294 (Fla. 5th DCA 1996). As a result, the defendant’s case is final and Young does not provide any basis for post-conviction relief.
PETITION DENIED.
COBB and GOSHORN, JJ., concur.