THREADGILL, Acting Chief Judge.
The appellant challenges a habitual felony offender sentence imposed after his conviction for felony driving while license suspended or revoked. He contends that the habitual felony offender classification is invalid because the trial court initiated the habitual-ization process by preparing and filing the notice of enhanced penalty required by section 775.084(3)(a)2., Florida Statutes (1995). The State concedes that the habitual felony offender sentence must be reversed pursuant to Young v. State, 699 So.2d 624 (Fla.1997), wherein the supreme court held that the decision to prosecute a defendant as a habitual offender is a prosecutorial function to be initiated at the prosecutor’s discretion and not by the trial court. We therefore reverse the appellant’s sentence and remand for resentencing.
Reversed and remanded.
PATTERSON and GREEN, JJ., concur.