ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant’s motion for rehearing, withdraw the previous opinion in this cause, and replace it with the following:
On December 31, 1997, the appellant, then seventeen and one-half years of age, committed an act of shoplifting. He was adjudicated delinquent as a habitual juvenile offender based on two prior theft adjudications and three prior commitments to delinquency programs. He had only recently been released from a level six commitment when he committed the instant offense.
At the dispositional hearing for the instant offense, the Department of Juvenile Justice recommended that appellant again be placed at a level six restrictiveness classification. The trial court rejected the recommendation of a level six commitment, adjudicated appellant a serious habitual offender, and placed him at a restrictiveness level of eight. Based on the eligibility of appellant as a serious habitual offender, the court extended its jurisdiction over appellant until his 21st birthday.
The appellant challenges the trial court’s decision to adjudicate him as a serious habitual offender. In arguing that it is the prosecutor’s, and not the trial judge’s, decision whether to prosecute a juvenile as a serious habitual juvenile offender, the appellant relies on Florida Rule of Juvenile Procedure 8.115(d), and the supreme court case of Young v. State, 699 So.2d 624 (Fla. 1997).
Rule 8.115(d) provides as follows:
(d). Procedure for Placement for Serious or Habitual Offender.
(1). If the state elects to proceed under this subdivision, it shall file a petition to seek serious or habitual juvenile placement as provided by law.
(2). The petition shall be in writing and shall state the reasons why the child should be placed as a serious or habitual juvenile offender. A copy of the petition shall be served upon the child, the child’s attorney, and a representative of the Department of Juvenile Justice.
(3). The child shall not be placed as a serious or habitual juvenile offender unless the child is adjudicated delinquent, is committed to the department, and meets the criteria as prescribed by law. The court shall not make a determination of the child’s placement as a serious or habitual juvenile offender without allowing reasonable time for preparation of a response on behalf of the child.
The committee notes to this rule state that, “Section 39.058, Florida Statutes, creates procedures to have a child placed in a serious or habitual juvenile offender program. This section allows for filing of a petition, service, and a reasonable time for preparation of a response on behalf of the child.”
Section 39.058, Florida Statutes (1990 Supp.), as well as the current recodification of that statute in section 985.31, Florida Statutes (1997), both set forth procedures for placing a child in a serious or habitual juvenile offender program. But while the committee note to Rule 8.115(d) states that the statute allows for the filing of a petition and for a reasonable time for preparation of a response on behalf of the child, the statute does not impose any requirement on the prosecutor to initiate the sentencing of a child as a serious or habitual offender. The statute provides:
After a child has been adjudicated delinquent pursuant to s. 985.228, the court shall determine whether the child meets *830 the criteria for a serious or habitual juvenile offender pursuant to section 985.03(47).
§ 985.31(3)(e), Fla. Stat. (1997). Contrary to appellant’s argument, the statute does not prohibit the trial court from ignoring the possibility of habitual offender sanctions unless the prosecutor chooses to file a petition seeking the classification. The rule “permits” the prosecutor to file the petition. The statute does not prohibit the trial court from pursuing habitual or serious habitual offender treatment for a juvenile in the absence of this filing by the prosecutor; the statute requires the court to determine whether the child meets the criteria for such treatment regardless of the state’s omission.
Arguing that only the prosecution can initiate habitual offender proceedings, the appellant relies upon case law interpreting the statute authorizing habitualization of adult felony offenders. Pursuant to section 775.084(3)(b), the process to habitualize an adult defendant begins when the prosecutor files a written notice to the defendant and his attorney prior to the imposition of sentence in sufficient time for the defendant to prepare a defense. In Young v. State, 699 So.2d 624, 626 (Fla.1997), the supreme court, by a 4-3 vote, found that the statutory scheme set forth by the legislature in sections 775.084 and 775.08401, envisions a system by which only the prosecutor can initiate these proceedings. The court in Young further expressed the concern that if the court interpreted the statutes otherwise, “the trial court in essence would become an arm of the prosecution, thereby violating the separation of powers doctrine.” Id.
Unlike the statutes pertaining to the habit-ualization of adult offenders, section 985.31 does not prescribe that the state must initiate the process of juvenile habitualization. Additionally, the separation of powers concern expressed in Young should not prevail in the juvenile arena where the primary purpose of juvenile detention is remedial in nature as opposed to the primarily punitive purpose of adult sentencing. § 985.02(3), Fla. Stat. (1997) (“Legislature intends that detention care, in addition to providing secure and sole custody, will promote the health and well-being of the children committed”); cf. § 921.002(1), Fla. Stat. (1997) (“primary purpose of [adult] sentencing is to punish the offender”).
In the instant case, the appellant’s predisposition report indicated that the appellant was eligible for habitual offender treatment. The appellant was given reasonable advance notice of the possibility of receiving such a sentence. The trial court, in placing the appellant in a level eight restrictiveness classification in conjunction with a serious or habitual offender designation, noted that the appellant’s prior commitment to a level six restrictiveness classification did not result in any improvement in his behavior, but that, in fact, appellant, shortly after being released from that level, committed the instant crime.
We conclude that there was no error committed by the trial court in placing the appellant in a habitual offender program and we affirm.
AFFIRMED.
W. SHARP, PETERSON and THOMPSON, JJ., concur.