727 So.2d 314 (1999)
Sharon McKNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-898.
District Court of Appeal of Florida, Third District.
February 17, 1999.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Wendy Benner-Leon, Assistant Attorney General, for appellee.
Before FLETCHER, SHEVIN and SORONDO, JJ.
SORONDO, J.
Sharon McKnight (defendant), appeals from a five year sentence imposed under the Prison Releasee Reoffender Punishment Act. See ch. 97-239, Laws of Fla. (codified at § 775.082(8), Fla. Stat. (1997)).
The defendant was convicted by a jury and was subsequently adjudicated guilty of battery on a law enforcement officer and criminal mischief. The applicable sentencing *315 guidelines range was eighteen to thirty months in state prison. The state requested that the defendant be sentenced as a prison releasee reoffender (PRR), pursuant to section 775.082(8). A certified copy of the defendant's conviction for battery on a law enforcement officer and sentence to twenty-six months prison on September 26, 1995, was introduced into evidence.
The trial judge stated that because of the defendant's psychological problems, he would have sentenced her to the bottom of the guidelines if he had discretion. Feeling that he was obligated to do so, however, the judge sentenced the defendant as a PRR to five years in state prison.
The defendant argues that the prison releasee reoffender statute is facially unconstitutional for two reasons. First, because, in her view, it gives the ultimate sentencing decision to the prosecutor, in violation of the doctrine of separation of powers. She contends that if the state seeks to sentence the defendant as a PRR and establishes by a preponderance of the evidence that she qualifies, the trial court has no sentencing options and must sentence her to the maximum term provided. A statute that wrests sentencing discretion from the court and removes it to the prosecutor's sphere, the argument goes, violates the Florida Constitution's separation of powers provision. Second, the defendant contends that the statute violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, section 9 of the Florida Constitution, "because the means chosen by the Legislature to achieve its goal of enhanced punishment namely excluding the court from the sentencing decision and transferring that function to the prosecutordenies defendants their right to an unbiased sentencing process, and their right to a meaningful opportunity to be heard, particularly with regard to whether extenuating circumstances exist which would make sentencing under the statute inappropriate."
The relevant portions of section 775.082(8) read as follows:
(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
o. Any felony that involves the use or threat of physical force or violence against an individual;
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:
d. For a felony of the third degree, by a term of imprisonment of 5 years.
(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
The statute further provides that anyone sentenced under its provisions must serve 100% of the sentence imposed by the court. See § 775.082(8)(b), Fla. Stat.
We begin our analysis by noting our agreement with the trial court that the provisions of the statute are mandatory and that where, as here, the state decides to seek enhanced sentencing and proves by a preponderance of the evidence that the defendant is *316 a PRR, the trial judge must impose the sentence set forth in subsection (a)2. We reach this conclusion not only from a plain reading of the statute but also from our review of its legislative history.
The Florida Senate Committee on Criminal Justice, Committee Substitute for Senate Bill 2362 (1997) Staff Analysis 6 (Apr. 10, 1997), Section III, "Effect of Proposed Changes" states:
Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender, the defendant is not eligible for sentencing under the guidelines and must be sentenced as follows:
 for a life felony, life imprisonment.
 for a first degree felony, a 30-year term of imprisonment.
 for a second degree felony, a 15-year term of imprisonment.
 for a third degree felony, a 5-year term of imprisonment.
Essentially, then, the mandatory minimum is the maximum statutory penalty under s. 775.082, F.S. These provisions require the court to impose the mandatory minimum term if the state attorney pursues sentencing under these provisions and meets the burden of proof for establishing that the defendant is a prison releasee reoffender.
(Emphasis in original). The analysis goes on to say:
A distinction between the prison releasee provision and the current habitualization provisions is that, when the state attorney does pursue sentencing of the defendant as a prison releasee reoffender and proves that the defendant is a prison releasee reoffender, the court must impose the appropriate mandatory minimum term of imprisonment.
Id. (Emphasis added).
Additionally, the House Committee On Criminal Justice Appropriations, Committee Substitute for House Bill 1371 (1997) Bill Research and Economic Impact Statement 11 (April 2, 1997),[1] clarifies the distinction between the PRR and the "habitual offender" in a manner consistent with our interpretation:
While "habitual offenders" committing new... felonies within five years would fall within the scope of the habitual offender statute, this bill is distinguishable from the habitual offender statute in its certainty of punishment, and its mandatory nature. The habitual offender statute basically doubles the statutory maximum periods of incarceration under s. 775.082 as a potential maximum sentence for the offender. On the other hand, the minimum mandatory prison terms are lower under the habitual violent felony offender statute, than those provided under the bill. In addition, a court may decline to impose a habitual or habitual violent offender sentence.

(Emphasis added). Accordingly, it is absolutely clear that the statute in question provides no room for anything other than the indicated penalties when the state seeks punishment under the statute and successfully carries its burden of proof.
It is equally clear that subsection (d) of the statute is intended to provide the prosecution an opportunity to plea bargain cases involving PRRs, but only where one of the enumerated circumstances exist. The Senate Staff Analysis states:
The CS provides legislative intent to prohibit plea bargaining in prison releasee reoffender cases, unless: there is insufficient evidence; a material witness's testimony cannot be obtained; the victim provides a written objection to such sentencing; or there are extenuating circumstances precluding prosecution.
Fla. S. Comm. on Crim. Just., CS for SB 2362 (1997) Staff Analysis 7 (Apr. 10, 1997). The defendant cites, and we acknowledge, the Second District Court of Appeal's decision in State v. Cotton, 728 So.2d 251, 24 Fla. L. Weekly D18 (Fla. 2d DCA 1998), holding that the "applicability of the exceptions set out in subsection (d) involves a fact-finding function," and "that the trial court, not the prosecutor, has the responsibility to determine *317 the facts and to exercise the discretion permitted by the statute." We respectfully disagree with our sister court and decline the defendant's invitation to follow its decision. We do this for two reasons. First, our analysis above clearly establishes that the sentencing provisions of the statute are mandatory where the state complies with the statute's provisions. Second, it is, in our judgment, absurd to conclude that in a case where the defendant has been tried and found guilty by a juryas in this casethe trial judge would be free to embark on a fact-finding mission at time of sentencing to determine whether, "the prosecuting attorney does not have sufficient evidence to prove the highest charge available." § 775.082(8)(d)1.a. Had that been the case it would have been the duty of the trial judge to grant the defendant's motion for judgment of acquittal at the conclusion of the state's case. Likewise, judicial findings regarding whether "the testimony of a material witness cannot be obtained," section 775.082(8)(d)1.b, or whether "other extenuating circumstances which preclude the just prosecution of the case," section 775.082(8)(d)1.d, exist, would also be inappropriate. In the former instance all material witnesses would have testified so there would be no fact-finding to do, and the latter is clearly a question for the state's attorney and not for the judge. The only exception in subsection (d) which could arguably be subject to some kind of fact-finding by the court would be 775.082(8)(d)1.c, "the victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect." This subsection, however, must be read in pari materia with the other exceptions listed, all of which are clearly addressed to the state.
We turn now to the defendant's constitutional challenges to the statute and begin our analysis by recognizing that courts are bound to resolve all doubts in favor of a statute's constitutionality, "provided the statute may be given a fair construction that is consistent with the federal and state constitutions as well as with the legislative intent." State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994)(quoting State v. Elder, 382 So.2d 687, 690 (Fla.1980)). Additionally, "[w]henever possible, a statute should be construed so as not to conflict with the constitution." Firestone v. News-Press Publ'g Co., Inc., 538 So.2d 457, 459-60 (Fla.1989). The defendant first challenges the statute as violating the separation of powers doctrine established by Article II, section 3 of the Florida Constitution. She argues that under the statute, the decision to sentence as a PRR is given to the state rather than the court. We disagree. As discussed above, the Legislature has prescribed that the sentencing provisions of the statute are mandatory where the state complies with its provisions.[2] The statute clearly provides that the state "may" seek to have the court sentence the defendant as a PRR. A prosecutor's decision to seek enhanced penalties under section 775.082(8) (or pursuant to any of the provisions of section 775.084), is not a sentencing decision. Rather, it is a decision in the nature of a charging decision, which is solely within the discretion of the executive or state attorney. See Young v. State, 699 So.2d 624, 626 (Fla.1997); State v. Bloom, 497 So.2d 2, 3 (Fla.1986)(a court cannot decide whether the state can seek the death penalty); Cleveland v. State, 417 So.2d 653, 654 (Fla.1982)("state attorney has complete discretion in making decision to charge and prosecute"). In Young, the Supreme Court held that only the state attorney may initiate habitual offender proceedings against an eligible defendant. 699 So.2d at 627. "To permit a court to initiate proceedings for enhanced punishment against a defendant would blur the lines between the prosecution and the independent role of the court as a fair and unbiased adjudicator and referee of the disputes between the parties." Id. at 626.
Section 775.082(8) gives the state a vehicle to obtain the ultimate end of a sentence to the statutory maximum term for a qualified *318 offender. Although this provides a new means to obtain a longer sentence, the state has always had discretion in charging that directly affects the range of potential penalties available to the sentencing court (e.g., charging first degree murder, which mandates death or life imprisonment, rather than a lesser degree of murder or manslaughter, which would allow imposition of a guidelines sentence). Accordingly, section 775.082(8) affords prosecutors a power that is no greater than that traditionally exercised in the charging decision.
Although we realize that neither the conclusions of other states nor of the federal courts are binding on our analysis of the separation of powers challenge here, we look to other jurisdictions for guidance.[3] The statutes most analogous to section 775.082(8) are the so-called "three-strike" statutes, which mandate that qualified recidivist felons receive life sentences once the government files an information (or indictment) charging the predicate offenses and proves the existence of the same. Another federal law, 21 U.S.C. § 851, allows a prosecutor to seek an enhanced sentence by charging and proving that a defendant who possesses cocaine with intent to distribute has a prior drug conviction. In United States v. Cespedes, 151 F.3d 1329 (11th Cir.1998), cert. denied, ___ U.S. ___, 119 S.Ct. 836, 142 L.Ed.2d 692 (1999), the defendant argued that 21 U.S.C. § 851 afforded prosecutors unbridled discretion to fix the statutory sentence, a legislative power. The Eleventh Circuit found that the statute conferred upon prosecutors "a power no greater than that traditionally exercised by the executive branch in the charging decision." Id. at 1333. The court noted that the Supreme Court had analogized similarly:
Insofar as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors.
Id. (quoting United States v. LaBonte, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997)). Other federal courts analyzing the three-strikes statute, 18 U.S.C. § 3359(c)(i), have similarly found no violation of separation of powers through the exercise of prosecutorial discretion in determining which defendants face the mandatory life sentence by virtue of their authority to file (or not to file) an information charging prior offenses. See United States v. Wicks, 132 F.3d 383, 389 (7th Cir.1997)(analyzing separation of powers in terms of prosecutor's discretion), cert. denied, ___ U.S. ___, 118 S.Ct. 1546, 140 L.Ed.2d 694 (1998); United States v. Rasco, 123 F.3d 222, 226 (5th Cir.1997)("The power to fix sentences rests ultimately with the legislative, not the judicial, branch of government and thus the mandatory nature of the punishment set forth in § 3559 does not violate the separation of powers"), cert. denied, ___ U.S. ___, 118 S.Ct. 868, 139 L.Ed.2d 765 (1998); United States v. Washington, 109 F.3d 335 (7th Cir.)("The prosecutor's power to pursue an enhancement under § 3559(c)(1) is no more problematic than the power to choose between offenses with different maximum sentences. Section 3559(c)(1) does not specify a mandatory sentence for a crime; it sets a minimum sentence for a combination of a serious crime and a repeat violent offender.... `Congress has the power to define criminal punishments without giving the courts any sentencing discretion.'"), cert. denied, ___ U.S. ___, 118 S.Ct. 134, 139 L.Ed.2d 82 (1997); see also State v. Manussier, 129 Wash.2d 652, 921 P.2d 473, 480-81 (1996)(en banc)(state "three strikes law" did not violate separation of powers as fixing penalties for criminal offenses is a legislative, not a judicial function, and statute did no more than vest the prosecutor with the power to charge a person with the status of being a "persistent offender"), cert. denied, 520 U.S. 1201, 117 S.Ct. 1563, 137 *319 L.Ed.2d 709 (1997); State v. Lindsey, 203 Wis.2d 423, 554 N.W.2d 215, 221-23 (Ct.App.)(mandatory "three-strikes" sentencing was required under the doctrine of separation of powers where legislature prescribed such sentences; discretion of whether and how to charge vests solely with the district attorney; judiciary had no inherent power to absolutely determine the nature of punishment), review denied, 205 Wis.2d 136, 555 N.W.2d 816 (1996).
Similarly, the Illinois habitual offender statute requires a trial court to sentence a defendant found to be an habitual criminal to natural life imprisonment. In People v. Withers, 115 Ill.App.3d 1077, 71 Ill.Dec. 444, 450 N.E.2d 1323 (1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984), the defendant contended that this was unconstitutional because it gave the prosecutor unbridled discretion in deciding whether or not to seek the imposition of a life sentence in any given case, as the statute provided that the prosecutor "may" file a statement setting forth a prior conviction for an enumerated offense. The court rejected the separation of powers argument, observing that "the state's attorney has always enjoyed wide discretion, including the decision whether to initiate any prosecution at all, to choose which of several charges shall be brought, and to manage litigation." Id. at 1331. Based on our analysis, we conclude that section 775.082(8) does not violate the separation of powers provision of the Florida Constitution.
Next, the defendant claims that the statute violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States and Article I, section 9 of the Florida Constitution because the means chosen by the Legislature to achieve its goal of enhanced punishment excludes the court from the sentencing decision and thereby denies the defendant a meaningful opportunity to be heard. We reject this argument for two reasons. First, the decision to sentence the defendant as a PRR is exclusively within the discretion of the sentencing judge. The defendant is free to challenge the state's evidence on the issue of whether he or she qualifies as a PRR and is free to present his or her own evidence to rebut the state's allegations. Further, the defendant retains the right to present argument to the court in an effort to persuade the judge that the state has failed to prove by a preponderance of the evidence that he or she qualifies as a PRR. Second, this statute bears a rational relationship to the legislative objectives of discouraging recidivism in criminal offenders and enhancing the punishment of those who reoffend, thereby comporting with the requirements of due process. See Hale v. State, 630 So.2d 521 (Fla. 1993); Tillman v. State, 609 So.2d 1295 (Fla. 1992); Ross v. State, 601 So.2d 1190 (Fla. 1992); Eutsey v. State, 383 So.2d 219 (Fla. 1980).
For the reasons set forth herein the defendant's sentence is affirmed. We certify direct conflict with State v. Cotton.
NOTES
[1] House Bill 1371 (1997) was substituted for Senate Bill 2362 (1997) on April 30, 1997.
[2] It is well settled that the Legislature has the exclusive power to determine penalties for crimes and may limit sentencing options or provide for mandatory sentencing. See Wilson v. State, 225 So.2d 321, 323 (Fla.1969), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 858 (1971); see also State v. Coban, 520 So.2d 40, 41 (Fla.1988); Dorminey v. State, 314 So.2d 134, 136 (Fla.1975).
[3] The separation of powers doctrine embodied in the Federal Constitution is not binding on the states under the Fourteenth Amendment. See Whalen v. United States, 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)(citing Dreyer v. Illinois, 187 U.S. 71, 84, 23 S.Ct. 28, 47 L.Ed 79 (1902)).