744 So.2d 1035 (1999)
STATE of Florida, Appellant,
v.
Frank WISE, Appellee.
No. 98-0782.
District Court of Appeal of Florida, Fourth District.
March 10, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellee.
*1036 HAZOURI, J.
Defendant, Frank Wise, was charged with burglary of a dwelling and petit theft. The crimes occurred in the home of his mother, Bernice Wise, on July 31, 1997. The state filed a notice of intent to seek classification of defendant as a prison releasee reoffender pursuant to section 775.082(8), Florida Statutes (1997), which became effective May 30, 1997.[1] The defendant then filed a motion asking the trial court to determine the inapplicability of the Prison Releasee Reoffender Act.
At a hearing before the trial court, the defendant argued that the 1997 statute did not apply to him because the statute states that the legislature intended that releasee reoffenders are to be punished to the full extent of the law unless any one of certain specified circumstances exist, specifically that the victim does not desire the offender to receive a mandatory sentence and provides a written statement to that effect. See § 775.082(8)(d)c, Fla. Stat. (1997). The defendant produced such a letter from the victim, Bernice Wise.
*1037 At the hearing, the court questioned the victim. She testified that she did not want the defendant to receive the mandatory sentence. She also acknowledged her signature on the witness statement. The court ruled that the defendant would be sentenced under the sentencing guidelines for the crimes of burglary of a dwelling and petit theft and refused to apply the harsher sentence[2] called for under section 775.082(8)(a). The defendant pleaded guilty to both charges and the judge sentenced him to 3.8 years in prison on count I and 60 days in jail for count II. The state appeals the sentence as illegal. We affirm.
The state argues that the intention of the statute is that the state attorney, rather than the court, determines whether one of the "circumstances" listed warrants the prosecutor not seeking prison releasee reoffender classification of the defendant. To support its position the state points out that after the statute defines "prison releasee reoffender," it further states at subsection (8)(a) 2 that "[i]f the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender." The same subsection provides that "[u]pon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines...." The state reasons that because the state attorney is the one who "determines" that a defendant is a prison releasee reoffender, it follows that it is the state attorney who decides in any given case whether there should be a deviation from the mandatory sentence. In other words, the discretion is with the state attorney not with the court.
We disagree. The function of the state attorney is to prosecute and upon conviction seek an appropriate penalty or sentence. It is the function of the trial court to determine the penalty or sentence to be imposed. State v. Bloom, 497 So.2d 2 (Fla.1986); London v. State, 623 So.2d 527, 528 (Fla. 1st DCA 1993); Dade County Classroom Teachers' Ass'n, Inc. v. Rubin, 258 So.2d 275, 276 (Fla. 3d DCA 1972); Infante v. State, 197 So.2d 542, 544 (Fla. 3d DCA 1967). The trial court is not required to accept the victim's written statement in mitigation. It is left to the trial court in the exercise of its sound discretion whether or not to accept the victim's written statement in mitigation or reject it and sentence the defendant under subsection (8)(a) 2.
We find that the trial court did not abuse its discretion. We note that section 775.082(8) is not a model of clarity and may be susceptible to differing constructions. That being so, section 775.021(1)[3] requires us to construe section 775.082(8) most favorably to the accused.
We acknowledge that the Third District Court of Appeal's decision in McKnight v. State, 727 So.2d 314 (Fla. 3d DCA, 1999), conflicts with our decision and that McKnight has certified direct conflict with the Second District Court of Appeal's decision in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA, 1998), with which we are in accord. Thus, we certify direct conflict with McKnight.
AFFIRMED.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Section 775.082(8) provides as follows:

(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
a. Treason;
b. Murder;
c. Manslaughter;
d. Sexual battery;
e. Carjacking;
f. Home-invasion robbery;
g. Robbery;
h. Arson;
i. Kidnapping;
j. Aggravated assault;
k. Aggravated battery;
l. Aggravated stalking;
m. Aircraft piracy;
n. Unlawful throwing, placing, or discharging of a destructive device or bomb;
o. Any felony that involves the use or threat of physical force or violence against an individual;
p. Armed burglary;
q. Burglary of an occupied structure or dwelling; or
r. Any felony violation of §§ 790.07, 800.04, 827.03, or 827.071; within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:
a. For a felony punishable by life, by a term of imprisonment for life;
b. For a felony of the first degree, by a term of imprisonment of 30 years;
c. For a felony of the second degree, by a term of imprisonment of 15 years; and
d. For a felony of the third degree, by a term of imprisonment of 5 years.
(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.
(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to § 775.084 or any other provision of law.
(d) 1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
2. For every case in which the offender meets the criteria in paragraph (a) and does not receive the mandatory minimum prison sentence, the state attorney must explain the sentencing deviation in writing and place such explanation in the case file maintained by the state attorney. On a quarterly basis, each state attorney shall submit copies of deviation memoranda regarding offenses committed on or after the effective date of this subsection, to the president of the Florida Prosecuting Attorneys Association, Inc. The association must maintain such information, and make such information available to the public upon request, for at least a 10-year period.
[2] Defendant would be subject to a term of imprisonment of 15 years under Section 775.082(8)(a)2.c, Florida Statutes (1997).
[3] "The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." § 775.021(1), Fla. Stat. (1997).