743 So.2d 585 (1999)
Kevin ROLLINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0631.
District Court of Appeal of Florida, Fourth District.
September 29, 1999.
*586 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Kevin Rollinson appeals his sentence imposed pursuant to section 775.082(8), Florida Statutes (1997), the "Prison Releasee Reoffender Act" ("Act"), after his conviction for burglary of a structure (Count I), grand theft (Count II), and battery on a law enforcement officer (Count III). He asserts that the Act is facially unconstitutional on numerous grounds.

I

BACKGROUND
Section 775.082(8)(a)1. of the Act[1] provides:
"Prison releasee reoffender" means any defendant who commits, or attempts to commit ... [a]ny felony that involves the use or threat of physical force or violence against an individual ... within 3 years of being released from a state correctional facility operated by the Department of Corrections....
Subsection (8)(a)2. provides:
If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance *587 of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: ... (d) For a felony of the third degree, by a term of imprisonment of 5 years....
Subsection (8)(b) mandates: "Any person [so sentenced] ... must serve 100 percent of the court-imposed sentence."
This section, enacted in Chapter 97-239, Laws of Florida, became effective May 30, 1997, and provides greater penalties for offenses committed within three years of release from a state correctional facility. See § 775.082(8)(a)1., Fla. Stat. (1997). Rollinson was released from the Florida Department of Corrections on August 23, 1996. His convictions stem from acts committed on July 19, 1997, within three years of his release.
Prior to sentencing, Rollinson's attorney raised a constitutional challenge to the Act, asserting that it is facially unconstitutional because it violates: (1) the ex post facto clauses of the Florida and United States Constitution; (2) the single subject requirement of article III of the Florida Constitution; (3) the separation of powers clause of the Florida Constitution; and (4) the due process and equal protection clauses of the Florida and United States Constitutions. The trial court denied this motion and sentenced appellant on Count III to five years imprisonment pursuant to the Act. This appeal follows.

II

EX POST FACTO
Rollinson initially argues that because he was released from prison prior to the 1997 enactment of section 775.082(8), application of the Act to his case violates the ex post facto clauses of the Florida and United States Constitutions.
The test for whether a law violates the ex post facto clause involves "(1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996) (citation omitted). "`To fall within the ex post facto prohibition, a law must be retrospectivethat is "it must apply to events occurring before its enactment"and it "must disadvantage the offender affected by it" by altering the definition of criminal conduct or increasing the punishment for the crime.'" Britt v. Chiles, 704 So.2d 1046, 1047 (Fla.1997) (quoting Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)).
The Act is not being applied retroactively to Rollinson; it is being applied to criminal conduct that occurred in July 1997, after enactment of the statute in May 1997. Rollinson committed the acts in question after section 775.082(8) became law, so he had constructive notice of the statute's enhanced sentencing provisions. As this court stated in Myers v. State, 696 So.2d 893, 899 (Fla. 4th DCA 1997), quashed on other grounds, 713 So.2d 1013 (Fla.1998), "[o]ne is charged with knowledge of all the Florida Statutes...." We found that "[b]ecause every defendant is presumed to know the law and has actual knowledge of one's own criminal history... there is no possible claim of lack of notice as to the guidelines maximum that will be imposed for these offenses." Id. at 898. Moreover, the United States Supreme Court has held that enhanced sentencing for recidivism does not violate ex post facto principles despite the fact that the prior offenses forming a basis for enhancement occurred prior to enactment of the enhancement provision. See Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); see generally Witte v. United States, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (deciding on double jeopardy grounds).
The Act is not being unconstitutionally applied to Rollinson as an ex post facto law. See Plain v. State, 720 So.2d 585 *588 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 909 (Fla.1999).

III

SINGLE SUBJECT
Rollinson committed his offenses on July 19, 1997. The Act was codified as section 775.082(8) on May 30, 1997. Rollinson does not have standing to make a constitutional challenge to his sentence pursuant to the Act on grounds that it violates the single subject requirement of Article III, Section 6 of the Florida Constitution because "his offense[s] occurred subsequent to the re-enactment of the chapter law into the Florida Statutes." Williams v. State, 729 So.2d 1005, 1006 (Fla. 4th DCA 1999). This court has previously held that the Act does not violate the single subject requirement of Article III. See Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999).

IV

SEPARATION OF POWERS
Rollinson argues that section 775.082(8) "effectively gives a state attorney mandatory sentencing authority over a criminal defendant, thus eliminating a trial court's discretion to impose sentence," in violation of the separation of powers clause of Article II, Section 3 of the Florida Constitution.
In State v. Wise, 24 Fla. L. Weekly D657, 744 So.2d 1035 (Fla. 4th DCA 1999), rev. granted, No. 95,230, 741 So.2d 1137 (Fla. 1999), we construed the statute in a way that reserved some discretion in the trial court for sentencing, by interpreting section 775.082(8)(d)1. as placing responsibility with the trial court to make findings of fact and exercise its discretion in determining the application of an enumerated exception to the mandatory sentence. See also State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), rev. granted, No. 94,996, 737 So.2d 551 (Fla.1999). Such a retention of judicial discretion supports a finding that the statute does not violate the separation of powers clause. See London v. State, 623 So.2d 527, 528 (Fla. 1st DCA 1993) (referring to habitual offender statute).

V

SUBSTANTIVE DUE PROCESS
Rollinson contends that the Act violates his substantive due process rights because it invites arbitrary and discriminatory application by the state attorney and has the potential to discriminate between two defendants with identical criminal records.
The test for determining whether a statute violates substantive due process is whether "it bears a reasonable relationship to a permissive legislative objective and is not discriminatory, arbitrary, or oppressive." Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371, 1372 (Fla.1998) (citing Lite v. State, 617 So.2d 1058 (Fla. 1993)). Substantive due process challenges are analyzed under the rational basis test. See Gardens Country Club, Inc. v. Palm Beach County, 712 So.2d 398, 404 (Fla. 4th DCA 1998).
In United States v. LaBonte, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), the Supreme Court rejected an argument of too much prosecutorial discretion regarding career offender sentencing. The Court stated:
[i]nsofar as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors.
520 U.S. at 762, 117 S.Ct. 1673 (citations omitted). Moreover, in McKnight v. State, *589 727 So.2d 314, 319 (Fla. 3d DCA 1999), the third district rejected a similar due process argument because the Act bears a rational relationship to the legislative objective of discouraging criminal recidivism.
The Florida Legislature's intent in creating the Act was to protect the public from criminal reoffenders by ensuring that reoffenders receive the maximum sentence under the law and serve the entire sentence they receive. See Ch. 97-239, Preamble, at 4398, Laws of Fla. (1997). Setting penalties for crimes is within the legislature's permitted powers. See McKendry v. State, 641 So.2d 45, 47 (Fla. 1994). Since requiring trial courts to impose a minimum mandatory sentence is reasonably related to the legislature's stated objectives, Rollinson's substantive due process argument fails.

VI

EQUAL PROTECTION
Rollinson argues that the Act violates equal protection because it creates an irrational classification. Equal protection deals with intentional discrimination and does not require proportional outcomes. See United States v. Armstrong, 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). "The test to be used in determining whether a statutory classification satisfies the Equal Protection Clause is whether the classification rests on some difference bearing a reasonable relation to the object of the legislation." State v. Slaughter, 574 So.2d 218, 220 (Fla. 1st DCA 1991) (citing Soverino v. State, 356 So.2d 269 (Fla.1978)). As the first district stated in Barber v. State, 564 So.2d 1169, 1170 (Fla. 1st DCA 1990), in rejecting an equal protection challenge to a habitual felony offender statute:
The United States Supreme Court ... has held on numerous occasions that the guarantee of equal protection is not violated when prosecutors are given the discretion by law to "habitualize" only some of those criminals who are eligible, even though their discretion is not bound by statute. Consequently, Barber has not raised a cognizable claim. Mere selective, discretionary application of a statute is permissible; only a contention that persons within the habitual offender class are being selected according to some unjustifiable standard, such as race, religion, or other arbitrary classification, would raise a potentially viable challenge.
(Citations omitted).
The Act's classification and increased punishment for prison releasee reoffenders is rationally related to the legitimate state interests of punishing recidivists more severely than first time offenders and protecting the public from repeat criminal offenders. Limiting the Act's application to releasees who commit one of the enumerated felonies within three years of prison release is not irrational. See Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla.lst DCA 1999); King v. State, 557 So.2d 899, 902 (Fla. 5th DCA 1990) ("`The mere failure to prosecute all offenders is no ground for a claim of denial of equal protection.'") (quoting Bell v. State, 369 So.2d 932, 934 (Fla.1979) (quoting Moss v. Hornig, 314 F.2d 89, 92 (2d Cir.1963))).

VII

PROCEDURAL DUE PROCESS
Rollinson's final constitutional challenge is that the Act, on its face, violates procedural due process because it does not provide for adequate notice before the imposition of reoffender sanctions.
Procedural due process requires that an accused have notice and an opportunity to be heard. See State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649 (1936). The Florida Supreme Court has stated that "publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions." State v. Beasley, 580 So.2d 139, 142 (Fla.1991) (citations *590 omitted); see W.J. v. State, 688 So.2d 954, 956 (Fla. 4th DCA 1997).
Section 775.082(8)(a)2 of the Act also requires the state attorney to prove that a defendant is a prison releasee reoffender by a preponderance of the evidence. The Rules of Criminal Procedure require notice and an opportunity to be heard on such an issue. See Fla.R.Crim.P. 3.030, 3.720. At a hearing on the applicability of a prison releasee reoffender sentence, a defendant may offer evidence in opposition to the state's proof. The Act meets procedural due process requirements.
AFFIRMED.
GUNTHER and HAZOURI, JJ., concur.
GROSS, J., concurring specially.
GROSS, J., concurs specially with opinion.
I concur with the majority opinion and write separately to address the separation of powers argument. A recent amendment to the statute nullifies our reading of the statute in State v. Wise, 24 Fla. L. Weekly D657, 744 So.2d 1035 (Fla. 4th DCA 1999), rev. granted, No. 95,230, 741 So.2d 1137 (Fla. 1999).
Section 775.082(8)(d)1., Florida Statutes (1997), provides:
It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law ... unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
In Wise we construed this section in a way that left some sentencing discretion in the trial court, where the defendant produced a written statement from the victim under subsection (8)(d)1.c. Wise certified conflict with McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), rev. granted, No. 95,154, 740 So.2d 528 (Fla. 1999), which concluded that subsection (8)(d) was "intended to provide the prosecution an opportunity to plea bargain cases involving [prison releasee reoffenders], but only where one of the enumerated circumstances exist." 727 So.2d at 316.
Recent amendments to the statute confirm that the third district's reading of the statute in McKnight was correct. Chapter 99-188, Section 2, Laws of Florida, which became effective July 1, 1999, omits subsections (a), (b), and (c) of subsection (8)(d)1. to read:
It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection.[2]
The amended version of the subsection establishes that the discretion contemplated by the statute is that of the prosecutor in deciding whether to pursue enhanced sentencing, not that of the court in deciding that extenuating circumstances exist for not sentencing under the statute. By clarifying the state attorney's power to decide whether to seek sentencing of a defendant as a prison releasee reoffender under the Act, the new language of Chapter 99-188 supports the holding in *591 McKnight, with which this court certified conflict in Wise.
Even if our construction of the statute in Wise was incorrect, I agree with the conclusion in McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), that the statute does not unconstitutionally place a sentencing decision with the prosecutor. While finding that the factors in 775.082(8) are considerations for the state attorney, McKnight held that:
[The Act] clearly provides that the state "may" seek to have the court sentence the defendant as a P[rison] R[eleasee] R[eoffender]. A prosecutor's decision to seek enhanced penalties under section 775.082(8) ... is not a sentencing decision. Rather, it is a decision in the nature of a charging decision, which is solely within the discretion of the executive or state attorney.
727 So.2d at 317 (citations omitted); see also Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999); Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla. 1st DCA 1999) (agreeing tacitly with McKnight, expressly disagreeing with Cotton, and certifying conflict), rev. granted, No. 95,281, 740 So.2d 529 (Fla.1999). McKnight correctly concluded that "section 775.082(8) affords prosecutors a power that is no greater than that traditionally exercised in the charging decision." McKnight, 727 So.2d at 318.
NOTES
[1] The 1998 Supplement to this section renumbered 775.082(8)(a)1. to 775.082(9)(a)1. The language of the section remained the same, until July 1, 1999. See Ch. 99-188, § 2, at 735-36, Laws of Fla. Effective July 1, 1999, the statute was renamed the "Three-Strike Violent Felony Offender Act." See Ch. 99-188, § 1, at 735, Laws of Fla.
[2] The underlined text indicates the new language added to be effective July 1, 1999.