GROSS, J.,
concurs specially with opinion.
I concur with the majority opinion and write separately to address the separation of powers argument. A recent amendment to the statute nullifies our reading of the statute in State v. Wise, 24 Fla. L. Weekly D657, 744 So.2d 1035 (Fla. 4th DCA 1999), rev. granted, No. 95,230, 741 So.2d 1137 (Fla. 1999).
Section 775.082(8)(d)l., Florida Statutes (1997), provides:
It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law ... unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d.Other extenuating circumstances exist which preclude the just prosecution of the offender.
In Wise we construed this section in a way that left some sentencing discretion in the trial court, where the defendant produced a written statement from the victim under subsection (8)(d)l.c. Wise certified conflict with McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), rev. granted, No. 95,154, 740 So.2d 528 (Fla. 1999), which concluded that subsection (8)(d) was “intended to provide the prosecution an opportunity to plea bargain cases involving [prison re-leasee reoffenders], but only where one of the enumerated circumstances exist.” 727 So.2d at 316.
Recent amendments to the statute confirm that the third district’s reading of the statute in McKnight was correct. Chapter 99-188, Section 2, Laws of Florida, which became effective July 1, 1999, omits subsections (a), (b), and (c) of subsection (8)(d)l. to read:
It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection.[2]
The amended version of the subsection establishes that the discretion contemplated by the statute is that of the prosecutor in deciding whether to pursue enhanced sentencing, not that of the court in deciding that extenuating circumstances exist for not sentencing under the statute. By clarifying the state attorney’s power to decide whether to seek sentencing of a defendant as a prison releasee reoffender under the Act, the new language of Chapter 99-188 supports the holding in *591 McKnight, with which this court certified conflict in Wise.
Even if our construction of the statute in Wise was incorrect, I agree with the conclusion in McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), that the statute does not unconstitutionally place a sentencing decision with the prosecutor. While finding that the factors in 775.082(8) are considerations for the state attorney, McKnight held that:
[The Act] clearly provides that the state “may” seek to have the court sentence the defendant as a P[rison] R[eleasee] R[eoffender], A prosecutor’s decision to seek enhanced penalties under section 775.082(8) ... is not a sentencing decision. Rather, it is a decision in the nature of a charging decision, which is solely within the discretion of the executive or state attorney.
727 So.2d at 317 (citations omitted); see also Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999); Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla. 1st DCA 1999) (agreeing tacitly with McKnight, expressly disagreeing with Cotton, and certifying conflict), rev. granted, No. 95,281, 740 So.2d 529 (Fla.1999). McKnight correctly concluded that “section 775.082(8) affords prosecutors a power that is no greater than that traditionally exercised in the charging decision.” McKnight, 727 So.2d at 318.

. The underlined text indicates the new language added to be effective July 1, 1999.