THOMPSON, J.
Walter Eugene Cain appeals his convictions for obstruction of a law enforcement officer with violence, two counts of battery on a law enforcement officer, possession of cocaine and possession of not more than 20 grams of cannabis. He raises two arguments on appeal: the prosecutor made improper closing arguments, and the trial court erred when it sentenced him pursuant to the Prison Releasee Reoffender Act.[1] Cain contends the Act is unconstitutional. We affirm.
First, the comments of the prosecutor were not improper; rather they were based upon the facts adduced at trial. Evén if we consider them improper, only one objection was made, and that was to the prosecutor’s accurate quotation of a standard jury instruction. Furthermore, Cain did not preserve any other of the prosecutor’s comments for appellate review. This court has no power to review improper prosecutorial comments if they are not preserved by objection unless they constitute fundamental error. Chandler v. State, 702 So.2d 186 (Fla.1997); Street v. State, 636 So.2d 1297 (Fla.1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995). Here, even if some of the comments were improper, they did not constitute fundamental error. Cf. Ruiz v. State, 743 So.2d 1 (Fla.1999) (holding that justice required the reversal of a conviction because “the present record shows that this trial was permeated by egregious and inexcusable prosecutorial misconduct”). The record here is devoid of such conduct.
As to the second issue, we have found the statute constitutional. See Speed v. State, 732 So.2d 17 (Fla. 5th DCA), rev. granted, 743 So.2d 15 (Fla.1999). However, we certify conflict with State v. Wise, 744 So.2d 1035 (Fla. 4th DCA), rev. granted, 741 So.2d 1137 (Fla.1999), and State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), rev. granted, 737 So.2d 551 (Fla.1999).
AFFIRMED.
ORFINGER, M., Senior Judge, concurs.
GRIFFIN, J., dissents, with opinion.

. § 775.082(9), Fla. Stat. (1998).