LEWIS, J.
We have for review the decision in Miller v. State, 745 So.2d 1157 (Fla. 5th DCA 1999), which certified conflict with the decision in State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla.2000). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
Miller challenges his concurrent thirty-year prison sentences under the Prison Releasee Reoffender Act[1] (the “Act”) on several grounds, all of which have been addressed by other opinions of this Court. See McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act, and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not violate separation of powers, is not void for vagueness, and does not violate principles of due process by allowing a “victim veto” precluding application of the Act). Accordingly, the decision in Miller is approved to the extent that it is consistent with Cotton,[2] Ellis, McKnight, and Grant.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur. QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla.Stat. (1997).

. The district court affirmed Miller’s sentences on the basis of Speed v. State, 732 So.2d 17 (Fla. 5th DCA), review granted, 743 So.2d 15 (Fla. 1999). In Cotton, we disapproved the decision in Speed to the extent that it was inconsistent with our opinion in Cotton. Moreover, the district court also certified conflict with State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla. 2000); in Cotton, we also disapproved the decision in Wise to the extent that it was inconsistent with the Cotton opinion.