LEWIS, J.
We have for review the decision in Baez v. State, 747 So.2d 415 (Fla. 4th DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Baez challenges her five-year prison sentence under the Prison Releasee Reof-fender Act[1] (“the Act”) on several grounds, all of which have been addressed by previous opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection ); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment);[2] Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)). Accordingly, the decision in Baez is approved to the extent that it is consistent with Grant, Cotton, sxiáEUis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla. Stat. (1997).

. The district court, in affirming Baez’s sentence, cites to its decision in State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla.2000). In Cotton, we disapproved the decision in Wise to the extent that it was inconsistent with our opinion in Cotton.